# Davis's Appeal.

1. Two administrators filed separate accounts, each one charging himself with a part of the estate. On the settlement of a subsequent account by one of the administrators, it was *Held*, that he was not chargeable with the balance in the hands of his co-administrator, however the case might be in a suit on the joint administration bond.

2. An administrator may retain a reasonable amount of the estate in his hands, to meet expenses and to pay claims in suit against the estate, without being liable for interest on such amount.

Appeal from the decree of the Orphans' Court of *Bucks* county.

[Davis's Appeal.]

This was an appeal by John Davis, guardian of a minor child of the decedent, from the decree of the said Court, upon the account of Amos Vansant, administrator of the estate of Simpson Torbert, deceased. The intestate died in 1838, leaving a widow and one child. In June, 1838, administration was granted to Coryell and Vansant. The inventory exceeded $9000. On 14th December, 1840, Vansant filed a separate account, showing a balance in his hands of $1800.03. On 8th February, 1841, Coryell submitted an account showing a balance in his hands of $8100.97. In the balance was included his own note for $1460,—two notes of himself and Murray, one for $2632.55, and the other for $3200, and also ten shares of Beaver Meadow stock, amounting to $500, being its par value.

On 9th February, 1842, the widow of the decedent, by Coryell as her agent, excepted to the account of Vansant, and an auditor was appointed. The auditor did not report till 1847; and previous thereto, viz. in December, 1842, on the petition of Vansant and of one of the sureties in the administration bond, *Coryell*, on failure to give additional security, was dismissed, and on 16th January 1843 he was ordered to deliver up the trust property in his hands. Coryell having paid about $2000, in accordance with the order, in February 1843 his counsel offered to deliver to Vansant's counsel the papers in Coryell's possession, including the note of Coryell and Murray for $2500, and two other notes, and the stock in the Beaver Meadow Company. The counsel refused to receive them.

In June, 1847, the auditor appointed to examine Vansant's account made a report, in which he charged Vansant with the note of Coryell and Murray for $2500, and interest on the same, and with the ten shares of Beaver Meadow stock at the selling price of $28 per share. Exceptions on part of Vansant were filed, and in December 1850, the report was set aside.

In 1847, an order was directed to Vansant to sell certain *real* estate, which, in 1848, he sold for above $7000.

In December, 1850, a citation was directed to Vansant to settle a final account, and he afterwards exhibited an account showing a balance in his hands exceeding $1100.

In February, 1851, exceptions were filed on part of the guardian to the effect that Vansant, the accountant, should be charged with the amount of the note of Coryell & Murray for $2500 and interest on it, and with the value of the Beaver Meadow stock. An auditor was appointed, who reported that, as far as it appeared in the first account exhibited by Vansant, he appeared to be charged with all the estate *he* had received; that the Court afterwards dismissed the exceptions to it, and confirmed it. He observed, that at the time of filing it, and whilst the exceptions to it were pending, the administrator was contesting claims against the estate, and that it was necessary for him to retain the balance to meet expenses and to pay judgments as recovered. After deducting payments, the au-

[Davis's Appeal.]

ditor charged interest on a sum less than $400. He further expressed the opinion that the decree of the Orphans' Court, setting aside the auditor's report, and confirming the first account of Vansant, was examinable only *on appeal.* He thus did not charge the accountant with the note of Coryell & Murray, nor with the Beaver Meadow stock. He also declined to charge him with the note of a person who was insolvent. The balance reported was less than $500.

Exceptions were filed to the report: the *first* was, that the auditor erred in not charging the accountant with a larger amount of interest. 2. In not charging the accountant with the amount of Coryell & Murray's note, and interest. 3. In not charging him with the stock. 4. In assuming that the Orphans' Court had decided as stated by the auditor.

SMYSER, President Judge, dismissed the first exception.

As to the 2d exception he observed, that the administrators had a right to settle separate accounts. Coryell, in his account, charged the note of Coryell & Murray, and his account was confirmed. That it was not received in money made no difference. It was a debt due by a firm, of which he was a member, to himself as administrator. His retention of the note was of no consequence. Under these circumstances, Vansant should not be required to charge himself with it,—however the case might be in a suit on the administration bond, he was not chargeable in the Orphans' Court with the balance in the hands of his co-administrator. It was in accordance with Chancery practice, in the first place to call upon the party who was primarily liable: 1 *W. & Ser.* 291, case of Patterson's Estate. As related to the tender of the note, Vansant was not bound to receive anything but money; the note also was liable to the bar of the statute.

3d. As to the stock, he observed that it was liable to the same objection; and besides, it was still in existence, and might be transferred to the distributee, if willing to receive it, in part satisfaction of the balance due by Coryell.

Exceptions were filed to the effect that the Court erred in setting aside the report of the first auditor on the account of Vansant. 2. In not charging Vansant with the note of Coryell & Murray. 3. In not charging him with the Beaver Meadow stock.

*R. Fox*, for appellant.

*Du Bois*, with whom was *Wright*, contrà.

The opinion of the Court was delivered by

KNOX, J.—The grounds upon which the Orphans' Court confirmed the auditor's report are clearly stated in the opinion of Judge SMYSER. For the reasons therein given, we affirm the decree.

Decree affirmed